## LON McGILL v. J. T. SITES.

### Decided March 3, 1909.

**Public Lands—Sale—Lease—Collateral Attack.**

Where the fact that orphan asylum lands which plaintiff had applied to purchase from the State were subject to sale, was dependant upon the existence of a lease of other lands to other parties, and the validity of such lease was recognized by the Land Office, defendant could not defeat plaintiff's right to purchase by showing that such lessee had not the qualification of being an actual settler on other lands, necessary to entitle him to lawfully take the

lease. His rights, being recognized by the State, could not be collaterally attacked in an action between third parties.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Jenkins & McCartney,* for appellant.

*C. E. Dubois, L. H. Brightman, W. A. Threadgill* and *Hill & Lee,* for appellee.

FISHER, CHIEF JUSTICE.—This suit was brought by the appellant against appellee and one James Castleberry, on July 7, 1902, in trespass to try title to sections 3, 4 and 5, Orphan Asylum lands in Tom Green County. January 7, 1907, appellee filed an amended answer disclaiming title to the south half of section 4 and all of section 5, and plead not guilty to the north half of section 4 and all of section 3; and by cross-action set up title in himself to the north half of section 4 and all of section 3, Orphan Asylum lands.

To appellee's cross-action the appellant plead not guilty. Thereafter the case was dismissed as to Castleberry and appellant took a nonsuit, leaving the case for trial on appellee's cross-action and appellant's answer thereto.

In the court below verdict and judgment were in appellee's favor. In the opinion delivered by this court on the first appeal of this case, reported in 103 S. W., p. 695, will be found stated the nature of the case and the principal points involved in this controversy. The disposition made of the questions in that case, together with what was said by this court in McGill v. Castleberry, 111 S. W., 662, a companion case to this, in which a writ of error was refused, disposes of all the questions raised on this appeal adversely to the contention of appellant.

The evidence in the record is sufficient to show that appellee Sites made settlement upon the land in question, and he abandoned the same upon a well-grounded fear of death or serious bodily injury at the hands of the appellant. The evidence also establishes the fact that the lease to the Lees was in full force and effect at the time that the Commissioner of the Land Office undertook to forfeit the same for the supposed failure to pay the rentals due. We reversed the case before on the ground that the evidence was not satisfactory in showing that the amount remitted by Capt. Duggan, agent of Dale, who had acquired the rights of the Lees under the lease, was sufficient to cover the entire sum of rents then due. On this trial the evidence satisfactorily shows that the Commissioner of the Land Office, prior to the time that this amount was remitted, leased two sections of the land covered by the Lees' lease to one Franklin; and, subtracting from the lease the amount due upon these two sections, the amount remitted by Duggan was sufficient to cover and fully pay the lease money due on the remaining sections included in the lease.

Appellant has an assignment of error in his brief, complaining of the action of the trial court in refusing to permit him to prove that

Franklin was not the head of a family and was not an actual settler, or, in other words, not entitled to lease the land from the State at the time the lease was issued to him by the Commissioner, contending that the lease was wrongfully issued to Franklin, and therefore the two sections should have remained in the Lee lease, consequently the amount remitted by Duggan was not sufficient. We do not think there was any error in the ruling of the court upon this question. The appellant is not asserting any claim or interest in the lands so leased to Franklin, nor is he in any position to attack Franklin's title or right acquired under that lease. Those surveys are not involved in this suit. These surveys that were leased to Franklin were not included in the lease to the Lees when the transfer was made to Dale. The lands at that time were out of the lease to the Lees, and they and the State and all parties were then satisfied and contented with the disposition made of those two surveys by the Land Commissioner in leasing the same to Franklin. Franklin's title or right could not be collaterally questioned in this proceeding, and we fail to see what interest the appellant could have in the question as to whether the State was imposed upon by Franklin or not; for, as before said, the appellant is not asserting or claiming any interest in the lands held by Franklin.

It is unnecessary for us to take up in their order and dispose of each of the assignments of error presented in appellant's brief, for all the questions there raised, were, as before said, disposed of by this court on the former appeal of this case and in McGill v. Castleberry. The questions of law are the same and the facts are the same, except in the particular pointed out in this opinion.

We find no error in the record and the judgment is affirmed.

*Affirmed.*